KENTUCKY BAR ASSOCIATION,
Petitioner,

v.

Lloyd A. THOMAS, Respondent.

No. 99–SC–000055–KB.

Supreme Court of Kentucky.

March 25, 1999.

---

**OPINION AND ORDER**

This is an action in which the Kentucky Bar Association notified this Court pursuant to SCR 3.166 that Lloyd A. Thomas, a member of the Kentucky Bar Association, admitted to the practice of law in this Commonwealth by order entered May 1, 1976, is and should be suspended from the practice of law in the Commonwealth for violation of KRS 514.040(1)(a), a felony.

Respondent was charged with a felony by information filed by the Jefferson County

Commonwealth Attorney, Criminal Action No. 98–CR–2385. Specifically, Respondent Thomas was charged with six counts of Theft by Deception Over $300, KRS 514.020(1)(a), by, acting alone or in complicity, obtaining property or services from the Commonwealth of Kentucky of a value of $300 or more, by creating or reinforcing a false impression, including false impression as to law, value, intention or other state of mind, with intent to deprive the Commonwealth of Kentucky thereof. The charges stem from acts committed during 1988, while Respondent was counsel for the Kentucky Board of Dentistry.

On December 10, 1998, Respondent entered a guilty plea to three violations of KRS 514.020(1)(a), Theft by Deception over $300. SCR 3.166 provides that any member of the Kentucky Bar Association who pleads guilty to a felony offense shall be automatically suspended from the practice of law in this Commonwealth beginning on the day following the plea of guilty. The Kentucky Bar Association moves that this Court enter forthwith a public order confirming the automatic temporary suspension of Lloyd A. Thomas pursuant to SCR 3.166, effective from December 11, 1998, until superseded by subsequent order. Accordingly, the request filed by the Kentucky Bar Association is hereby adopted pursuant to SCR 3.166.

IT IS THEREFORE ORDERED THAT:

1) Respondent, Lloyd A. Thomas, is suspended from the practice of law in this Commonwealth effective December 11, 1998, and until superseded by subsequent order.

2) Disciplinary proceedings against Respondent Thomas shall be initiated by the inquiry tribunal pursuant to SCR 3.160, unless already begun or unless Respondent resigns under terms of disbarment.

3) Pursuant to SCR 3.390, Respondent shall, within ten days of the date of entry of this order, notify all courts in which he has matters pending and all clients for whom he is actively involved in litigation and similar legal matters of his inability to represent them, and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter and duly and timely placed in the United States mail, and Respondent shall simultaneously and in the same manner provide a copy of all such letters to the director of the Kentucky Bar Association.

All concur.

ENTERED: March 25, 1999.

/s/ Joseph E. Lambert
Chief Justice